RENDERED: JULY 26, 2013; 10:00 A.M.

NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2012-CA-000323-MR

AND

NO. 2012-CA-000324-MR

SHANE PURVIS                                                       APPELLANT

APPEAL FROM LAUREL CIRCUIT COURT

v.          HONORABLE JOHN KNOX MILLS, JUDGE

ACTION NO. 11-CR-00010 AND 11-CR-00049

COMMONWEALTH OF KENTUCKY                             APPELLEE

## OPINION
## AFFIRMING

** ** ** ** **

BEFORE: CLAYTON, LAMBERT, AND VANMETER, JUDGES.

CLAYTON, JUDGE: This is an appeal from a motion to withdraw the entry of a

guilty plea in Laurel County Circuit Court. Based upon the following, we affirm.

## BACKGROUND INFORMATION

The Appellant, Shane Purvis, was indicted in two separate cases for

two counts of first-degree robbery in January of 2011. These incidents occurred on

different dates and in different places within Laurel County. He was also charged with one count of theft by unlawful taking (TBUT) over $500. Purvis was appointed counsel to represent him on the cases. A week before his trial was scheduled, Purvis appeared before the Laurel Circuit Court with his appointed counsel at which time his counsel informed the trial court and the Commonwealth that Purvis had rejected the plea agreement which had been offered. A hearing was scheduled at this time on a suppression motion.

The following week and one day prior to the scheduled trial, Purvis and his counsel appeared before the trial court. Purvis asserted that he did not wish to enter a guilty plea and that he was unhappy with his court appointed counsel. He stated before the trial court that his counsel had not obtained statements from witnesses as he requested and that counsel could not be sure they would be ready for trial. Purvis's counsel explained to the trial court that, while she had requested a witness list from Purvis when she was first appointed to represent him, she had not received the list until a week prior to the trial date. She stated that her investigator was trying to locate the witnesses she had been given, but she did not know if he would be able to prior to trial.

The trial court then asked Purvis why he was unhappy with his appointed counsel. Purvis stated that he and his counsel had not been able to communicate well and that he was not ready for trial. Purvis's counsel stated that she was prepared to go to trial. Purvis also asserted that DNA evidence had not been shared; however, it was determined that the DNA found on a cigarette in the

-2-

woods near the scene was not Purvis's and; therefore, would not be used at trial. The trial court then denied Purvis's request for new counsel, finding that his appointed counsel was not ineffective and that there was no conflict.

Later that same day, Purvis appeared before the trial court again and entered a guilty plea wherein he pled guilty to the charges in exchange for the Commonwealth's recommendation that he serve thirteen years. The trial court accepted his guilty plea and provided the necessary colloquy to determine that Purvis's plea was being entered into knowingly, voluntarily and intelligently.

Prior to final sentencing, Purvis filed a motion to withdraw his plea of guilty and the trial court held a hearing on the motion on October 21, 2011. At this hearing, Purvis requested conflict counsel to represent him at the hearing on his motion asserting that it should proceed as though he had filed a Kentucky Rules of Criminal Procedure (RCr) 11.42. The trial court agreed and ordered the Department of Public Advocacy (DPA) to provide conflict counsel. DPA did not assign counsel until January of 2012, after the trial court ordered Edward Monohan, the Public Advocate, to show cause why he should not be held in contempt for failing to appoint conflict counsel for Purvis.

On January 20, 2012, a hearing on Purvis's motion to withdraw his plea was held at which the trial court denied his motion. On January 26, 2012, the trial court sentenced Purvis according to the terms of the plea agreement and Purvis filed this appeal.

### STANDARD OF REVIEW

-3-

In his appeal, Purvis contends that his entry of a guilty plea was involuntary due to the ineffective assistance of his trial counsel. In reviewing the voluntariness of a plea and the trial court's decision to deny a motion to withdraw, we must determine whether there was substantial evidence to support the finding that it was voluntary. It is, therefore, reviewed for clear error. *Edmonds v. Commonwealth*, 189 S.W. 3d 558,566 (Ky. 2006). We must determine whether the denial was an abuse of discretion. A court abuses its discretion when it renders a decision that is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Id* at p. 570.

With this standard in mind, we review the trial court's decision and Purvis's arguments.

## DISCUSSION

Purvis contends that his case should be reversed for a substantive evidentiary hearing on his motion to withdraw the guilty plea. He argues that, pursuant to Kentucky law, "[a]t any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." RCr 8.10. He asserts that whether a plea is valid requires a factual inquiry based on the totality of the circumstances and if the plea is involuntary, the trial court must grant a defendant's motion to withdraw it. *Edmonds v. Commonwealth*, at 566.

In *Rigdon v. Commonwealth*, 144 S.W. 3d283, 290 (Ky. App. 2004), a panel of our court held that:

-4-

> Once [a defendant] raised [a] particularized claim of
> ineffective assistance of counsel, the circuit court needed
> to look beyond the plea colloquy to determine whether
> his plea was voluntarily entered under the totality of the
> circumstances surrounding his plea.

The *Rigdon* court went on to opine that while a full scale evidentiary hearing is

preferred, an informal proceeding where the defendant and his counsel testified

under oath about the claim of ineffective assistance is sufficient where the

appellate court could review the proceedings. *Id.* at p. 291 (citing *Rodriguez v.*

*Commonwealth*, 87 S.W.3d 8, 11 (Ky. 2002)).

Purvis argues that he did not receive an adequate hearing under *Rigdon*. He

asserts that both the Kentucky Supreme Court and the Department of Public

Advocacy require defense counsel to provide conflict counsel with case files once

allegations of ineffectiveness are raised. The trial court did provide conflict

counsel by ordering the Department of Public Advocacy to assign counsel to

Purvis. When it had not done so, the trial court brought Monohan before it to show

cause why he should not be held in contempt for failing to provide conflict counsel

for Purvis. At that point, the DPA appointed counsel.

On January 20, 2010, the trial court held a hearing at which Purvis and his

conflict counsel were present. Purvis only called his prior counsel to testify at the

hearing. After the hearing, the trial court stated that it had reviewed the colloquy

of the guilty plea, the arraignment, the competency evaluation, and weighed the

testimony at the hearing and determined that Purvis's plea was knowingly,

intelligently and voluntarily entered. We find this to be sufficient.

The plea colloquy was thorough and the trial court asked specific questions

which went to whether the plea was being entered into with full knowledge of what

Purvis could receive if he chose to go to trial.  Purvis answered the questions

thoroughly and there is nothing to indicate that he did not understand or that he

was being coerced.  Thus, the trial court's hearing was sufficient to ascertain that

Purvis's plea was made knowingly, voluntarily and that he had the intelligence to

understand the proceedings.

Therefore, the hearing held by the trial court, along with the plea colloquy,

the competency report and the arraignment proceeding were sufficient under the

law of this Commonwealth to determine that the plea was valid.  Thus, we will

affirm the decision of the trial court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Erin Hoffman Yang
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Christian K. R. Miller
Assistant Attorney General
Frankfort, Kentucky



COMMONWEALTH OF KENTUCKY
27TH JUDICIAL CIRCUIT
LAUREL CIRCUIT COURT
DIVISION II
INDICTMENT NOS. 11-CR-00010 AND 11-CR-00049

SHANE PURVIS,                                              MOVANT,

VS:

COMMONWEALTH OF KENTUCKY,                    RESPONDENT.

## ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT JUDGMENT AND SENTENCE PURSUANT TO RCR 11.42 AND CR 10.26

This matter is before the Court upon motion by the Movant, Shane Purvis, acting *pro se*, requesting this Court granting post-conviction relief pursuant to RCr 11.42 and CR 10.26. Said motion was filed on March 4, 2014.  Simultaneously therewith, the Movant also filed requests for leave to proceed *in forma pauperis*, for appointment of counsel, and for an evidentiary hearing.

### FACTUAL AND PROCEDURAL HISTORY

The Movant is currently serving a term of incarceration in state custody.  The Movant entered an unconditional guilty plea on August 8, 2011, to the offense of Robbery in the First Degree, in each of the

1

Indictments hereinabove described. Prior to his guilty plea, the Movant requested appointment of new counsel, based on his "not seeing eye-to-eye on things" with his trial counsel. The Court denied this request and proceeded to accept the Movant's guilty plea

The Movant made a *pro se* motion to withdraw his guilty plea prior on the original date of his sentencing, September 16, 2011. The matter was reassigned for sentencing on October 21, 2011. On the October sentencing date, the Court sustained the Movant's motion for conflict counsel and set the motion to withdraw his guilty plea for hearing. After two *sua sponte* continuances (attributed to the Department of Public Advocacy's failure to provide alternate counsel), a hearing took place on January 20, 2012.

The purpose of the hearing was the same as the instant motion, which is whether any ineffective assistance given by Movant's original trial counsel rendered his decision to enter into a guilty plea involuntary. Following the testimony from the sole witness, Movant's original trial counsel, the Court denied Movant's motion to withdraw his plea. On January 26, 2012, the Movant was sentenced to concurrent 13 year sentences.

The Movant then appealed his conviction, arguing that his guilty plea in both cases was involuntary due to the ineffective assistance of counsel. The Court of Appeals affirmed this Court's ruling. <u>Purvis v. Commonwealth</u>, 2012-CA-000323-MR (Ky.App. July 26, 2013).

He now files the instant motion, seeking to have his conviction set aside and assigned for a new trial.

<u>ANALYSIS</u>

<u>I. STANDARD OF REVIEW</u>

The language of RCr 11.42 contains very strict requirements. The motion must be filed within three years of the date the judgment becomes final, unless the facts giving rise to the motion were unknown and undiscoverable with appropriate diligence. The allegations must be stated with specificity, providing the grounds upon which the sentence is being challenged and the facts on which the movant relies to support those allegations. The motion must also state all grounds for invalidating the sentence, and a final ruling on the motion forecloses all claims which could reasonably have been brought. The rule is not to be used to relitigate appellate issues or to assert trial errors not attributable to the performance of trial counsel.

3

-87-

The critical case concerning claims of ineffective assistance of counsel is <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>Strickland</u> set the standard of review in such cases which the Courts of this Commonwealth later adopted in <u>Gall v. Commonwealth</u>, 702 S.W.2d 37 (Ky. 1985). This test begins with a strong presumption that counsel rendered effective assistance and presents a significant hurdle for a defendant to overcome. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." <u>Strickland</u>, at 689. The test requires a two-pronged analysis, with the first prong being whether counsel's assistance "fell below an objective standard of reasonableness." <u>Strickland</u>, at 687-688. The second prong being that the defendant must affirmatively prove that he was prejudiced, or that there was a reasonable probability that but for counsel's deficient performance the result of the proceeding would have been different. <u>Id.</u>, at 693-394.

Additionally, because the instant case involves a guilty plea rather than a trial, courts employ a modified <u>Strickland</u> test set forth in subsequent U.S. Supreme Court cases, and adopted by the Courts of this Commonwealth in <u>Sparks v. Commonwealth</u>, 721 S.W.2d 726

4

(Ky.App. 1986).  The test for analyzing effectiveness of counsel in a guilty plea situation is: "that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance" and that "the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, the defendant would not have pleaded guilty, but would have insisted on going to trial." Id., at 727-728 (internal citations omitted).

## II.  MOVANT'S ALLEGATION THAT HIS GUILTY PLEAS WERE INVOLUNTARY

The Movant's first argument is that his guilty pleas were not entered into knowingly, voluntarily and intelligently, owing to ineffective assistance of counsel.

This argument is clearly refuted in the record.  Moreover, the Movant made this very argument to the Court of Appeals, who expressly rejected it.  Even were this Court inclined to grant relief on this basis, it is bound by the Court of Appeals' opinion and cannot so rule.  "The law of the case, is 'an iron rule, universally recognized, that an opinion or decision of an appellate court in the same cause is the law of the case for subsequent trial or appeal however erroneous the opinion

5

_89_

or decision might have been.'" <u>Brooks v. Lexington-Fayette Urban County Hous. Auth.</u>, 244 S.W.3d 747 (Ky.App. 2007) (quoting <u>Union Light, Heat & Power Co. v. Blackwell's Adm'r</u>, 291 S.W.2d 539, 542 (Ky. 1956)).

The Movant is thus not entitled to relief under this theory.

### III.  MOVANT'S ALLEGATIONS THAT HIS ORIGINAL TRIAL COUNSEL FAILED TO ADVISE HIM OF THE FACTS AND LAW OF THE CASE

The Movant argues that his trial counsel failed to be aware of changes in case law and statutory interpretation, and advise him accordingly when representing him.  He further argues that this failure resulted in prejudice in that he would have either gone to trial or accepted a plea offer of Robbery in the Second Degree, which would have resulted in a lesser sentence and parole eligibility after serving less of the sentence.

The Movant asserts that his defense counsel was not aware of the holding of <u>Wilburn v. Commonwealth</u>, 312 S.W.3d 321 (Ky. 2010), which changed the interpretation of KRS 515.020.  Prior to <u>Wilburn</u>, the controlling case in the Commonwealth was <u>Merritt v. Commonwealth</u>,

6

-90-

386 S.W.2d 727 (Ky. 1965), which held that a robbery suspect's representation that he was armed with a deadly weapon was sufficient to support a conviction on Robbery in the First Degree.

The Movant alleges his trial counsel was deficient in failing to inform him specifically of this change in the law and how it related to the facts of this case. However, the Movant did not allege the specifics of what his trial counsel did tell him. Movant's trial counsel testified at the hearing on his motion to withdraw the guilty plea that when the Movant asked for her impressions of the case, she informed him that she believed an acquittal to be possible in one of the cases, but a conviction with a significant sentence was highly likely in the other. To this Court, that testimony not only indicates an awareness of the state of the law, but also that the information was conveyed to the Movant.

The Movant's allegations are thus refuted by the record, and he is not entitled to 11.42 relief on that basis.

## IV.  MOVANT'S ALLEGATION THAT HIS ORIGINAL TRIAL COUNSEL USED "SCARE TACTICS" TO COERCE A GUILTY PLEA

The Movant alleges that his trial counsel engaged in "scare tactics" in order to convince him to accept the plea offer.  He describes

7

−91−

the scare tactics employed by trial counsel in the memorandum accompanying his motion. These tactics include: 1) emphasizing that the Movant's maximum penalty on the charges in the Indictment was 45 years; 2) arranging for the Movant's father to visit him in jail in an attempt to convince him to accept the offer; 3) conducting a mock trial and intentionally agitating the Movant, then pointing out that an angry outburst would not resonate with a jury; 4) repeatedly telling the Movant that trial counsel did not know how to defend him against the charges if they proceeded to trial; 5) making remarks that the Commonwealth Attorney would try to "max [his] sentence out at 45 years" if the Movant insisted on going to trial.

The Court sees nothing in the allegations that would be coercive or otherwise outside the norms of the legal profession. Given the context, the Court believes trial counsel's remarks that she "did not know how to defend [Movant] at trial," spoke more to an inability to formulate a potentially successful trial strategy in light of the evidence, rather than any incompetence the Movant is attributing to it. Advising the Movant to plead guilty would be consistent with that thought process. The role of the Court in an 11.42 proceeding is not to second-

8

-92-

guess the strategic decisions of trial counsel. <u>Baze v. Commonwealth</u>, 23
S.W.3d 619 (Ky. 2000).

Moreover, the record clearly refutes the Movant's allegations on
this point.  During his plea colloquy, the Movant was asked if anyone
had forced or threatened him in any way to influence his decision to
plead guilty.  The Movant answered in the negative.

The Movant is not entitled to post-conviction relief on this basis.

### V.  MOVANT'S ALLEGATION THAT HIS ORIGINAL TRIAL COUNSEL FAILED TO PERFORM ANY PRE-TRIAL INVESTIGATION

The Movant on this issue argues generally that his trial counsel
failed to conduct any investigation.  He alleges in his initial meeting
with trial counsel, he insisted on proceeding to trial, and requested to
review the discovery.  He admits that trial counsel asked for a witness
list prior to trial, but neglects to mention whether he provided one.

The Movant's allegation here failed under the specificity language
of RCr 11.42.  When challenging trial counsel's failure to investigate
and speak with witnesses, a movant must provide sufficiently specific
information regarding those witnesses and what their testimony might

-93-

have been had they been called to testify.  Indeed, prior courts have denied RCr 11.42 relief for lack of specificity alone.  <u>Brooks v. Commonwealth</u>, 447 S.W.2d 614, 619 (Ky. 1969) (The Court denied a motion for 11.42 relief on similar grounds because "[w]hat preparation for what defense is not hinted [in the motion].").

This Court concludes that the Movant has not adequately shown that his trial counsel's performance was deficient in failing to investigate.  He is not entitled to relief on that basis.

## VI.  MOVANT'S ALLEGATIONS THAT APPOINTED CONFLICT COUNSEL WAS INEFFECTIVE

Although it is unclear which of the allegations the Movant makes in his motion are applicable to his original trial counsel or his subsequent conflict counsel, the Movant's allegations on this issue appear to be that his conflict counsel refused to consult with or call witnesses in his hearing on the motion to withdraw the guilty pleas, and refused to level accusations against trial counsel.

The Movant supplied affidavits from two individuals who he contends would have testified at the hearing.  The first is the Movant's father, Terry Purvis, who indicated in his statement that he felt the

—94—

Movant's original trial counsel was unduly pressuring him into pleading guilty. The second affidavit was from Tonya D. Carter, who averred that she was prepared to testify on the Movant's behalf as a character witness.

The Court finds this evidence insufficient to justify relief. The affidavit from Terry Purvis is so tainted by self-interest that the validity of the statement is dubious at best. Moreover, it is inconsistent with the Movant's own statements in his memorandum: "his [f]ather[,] Terry Purvis[,] wanted to testify at the hearing that he did not believe that Shane's trial counsel poorly represented Shane…" (Movant's Memorandum, at p. 40). The affidavit from Carter indicates that any testimony she would give would be of the nature of bolstering the Movant's character, which would have been irrelevant at the hearing and inadmissible at trial.

The Movant thus cannot show he was prejudiced by the lack of testimony by these two witnesses.

The Movant argues that his conflict counsel refused to adequately pursue the allegations against his trial counsel at the hearing. This allegation is also refuted by the record. Conflict counsel called trial

11

counsel to the stand, and asked pointed and relevant questions for the purpose of determining if trial counsel had been ineffective.  The Movant declined to take the stand to testify at the hearing, and the Court rendered its decision according to the totality of the record.

## CONCLUSION AND ORDER

In light of the fact that the record refutes the majority of the Movant's allegations, and that he cannot show prejudice on the allegations that are not refuted, this Court cannot conclude that the Movant is entitled to the relief from judgment he is requesting. Because the record is sufficient for the Court to reach its conclusion, no further hearing is required.  Further, because Movant is only entitled to appointed counsel if a hearing on his motion is necessary, the Court must also conclude that he is not entitled to appointed counsel. Additionally, because a hearing is unnecessary, the Movant's request for pauper status is moot.

Based on the foregoing,

**IT IS HEREBY ORDERED** that the Movant's motion is **DENIED.**

12

IT IS FURTHER ORDERED that the Movant's requests for evidentiary hearing, for appointment of counsel, and for permission to proceed *in forma pauperis*, are also DENIED.

THIS IS A FINAL AND APPEALABLE ORDER, THERE BEING NO JUST CAUE FOR DELAY.

This the _10th_ day of _March_, 2014.

_____
THOMAS L. JENSEN, JUDGE
LAUREL CIRCUIT COURT
DIVISION II

DISTRIBUTION:

Hon. Jackie Steele
COMMONWEALTH'S ATTORNEY
128 North Main Street
London, KY 40741

Shane Purvis
Inmate # 247860
Northpoint Training Center
P.O. Box 479
Burgin, KY 40310

_____    3-11-14
CLERK'S INITIALS         DATE

13

-97-

RENDERED: AUGUST 7, 2015; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

## Court of Appeals

RECEIVED

AUG 1 0 2015
MB
PUBLIC ADVOCACY

NO. 2014-CA-000556-MR

SHANE PURVIS                                          APPELLANT


                    APPEAL FROM LAUREL CIRCUIT COURT
v.                  HONORABLE THOMAS L. JENSEN, JUDGE
                    ACTION NO. 11-CR-00010 AND 11-CR-00049


COMMONWEALTH OF KENTUCKY                              APPELLEE


                              OPINION
                             AFFIRMING

                         ** ** ** ** **

BEFORE:  COMBS, NICKELL, AND VANMETER, JUDGES.

VANMETER, JUDGE:  Shane Purvis appeals from an order entered by the Laurel

Circuit Court denying his motion for relief pursuant to RCr[1] 11.42.  After careful

review, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

## BACKGROUND

Purvis was indicted in January 2011 in two separate cases for two counts of first-degree robbery and one count of theft by unlawful taking (over $500). Each incident occurred on different dates and in different locations within Laurel County.

Approximately one week prior to the start of trial, Purvis appeared in court with his attorney, Deaidra Douglas, and announced that he was rejecting the Commonwealth's plea offer. The day before the start of the scheduled trial, Purvis appeared before the trial court with Douglas and asserted that he was unhappy with his counsel due to poor communication. He further advised that he was not ready for trial and did not wish to enter into a plea agreement. Purvis also claimed that his counsel did not obtain statements from the witnesses on his witness list. In response, Douglas explained that Purvis provided this witness list one week prior, and that her investigator was attempting to locate the witnesses. The trial court denied Purvis's request for new counsel.

Later that day, Purvis once again appeared before the trial court to enter guilty pleas and accept the Commonwealth's recommendation that he serve thirteen years. After delivering the necessary colloquy to determine that Purvis's plea was being entered into knowingly, voluntarily, and intelligently, the trial court accepted his guilty pleas.

Prior to final sentencing, Purvis filed a motion to withdraw his plea. Purvis requested conflict counsel to represent him at a new hearing on his motion. The trial court granted Purvis's request and ordered the Department of Public Advocacy (DPA) to provide conflict counsel. The DPA did not assign counsel until January 2012, after the trial court issued a show cause order.

A hearing on Purvis's motion to withdraw his plea was held on January 20, 2011. Purvis was represented by conflict counsel. At the onset of the hearing, conflict counsel advised that she was unaware that the motion would be heard on that day. She advised that Purvis wanted additional time to discuss the matter with her, but also stated that she was prepared to go forward. The trial court offered to pass the motion to a later day, but conflict counsel reiterated that she was prepared to go forward. After this exchange, the hearing began. Purvis called one witness, his former counsel, to testify. Based upon a review of the guilty plea colloquy, his competency evaluation, and his acknowledgement of his guilty plea in open court, the trial court found Purvis's plea to be knowing, intelligent, and voluntary.

On January 26, 2012, the trial court sentenced Purvis according to the terms of the plea agreement. Purvis appealed to this court, arguing that he was entitled to a full evidentiary hearing on his motion. Affirming the trial court, this court held that the hearing held by the trial court, along with the plea colloquy, the

competency report, and the arraignment proceedings were sufficient to determine

that Purvis's plea was valid.

On March 4, 2014, Purvis filed a motion seeking relief pursuant to

RCr 11.42. Purvis claimed his guilty pleas were not entered into knowingly,

voluntarily, and intelligently due to his trial counsel's ineffective assistance. He

further alleged ineffective assistance on the part of his conflict counsel. The trial

court held that the record clearly refutes his claim that his guilty pleas were not

entered into knowingly, voluntarily, and intelligently. The court further held that it

was bound by the Court of Appeals' prior opinion, which expressly rejected this

allegation. The trial court also denied Purvis's claims that his trial counsel was

deficient in failing to inform him of changes in the law, failed to perform

investigation, and used scare tactics to coerce guilty pleas. Finally, the trial court

rejected Purvis's claim that conflict counsel was ineffective for failing to call two

witnesses, finding that Purvis could not demonstrate prejudice. This appeal

followed.

## STANDARD OF REVIEW

We review a trial court's denial of RCr 11.42 relief under an abuse of

discretion standard. *Bowling v. Commonwealth,* 981 S.W.2d 545, 548 (Ky. 1998).

An abuse of discretion has occurred when the trial court's decision was arbitrary,

unreasonable, unfair, or unsupported by sound legal principles. *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999) (citation omitted).

To succeed on a claim of ineffective assistance of counsel, a defendant must meet two requirements:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The trial court must therefore determine whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.,* 466 U.S. at 694, S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* As the Kentucky Supreme Court recently noted,

> In the guilty plea context, to establish prejudice the challenger must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "
> *Premo v. Moore,* 562 U.S. 115, 129, 131 S.Ct. 733, 743, 178 L.Ed.2d 649 (2011) (quoting from *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

In *Padilla,* the Supreme Court stated that "to obtain relief
[on an ineffective assistance claim] a petitioner must
convince the court that a decision to reject the plea
bargain would have been rational under the
circumstances." 130 S.Ct. at 1485. *See also Williams v.
Commonwealth,* 336 S.W.3d 42 (Ky. 2011). As noted
above, at the pleading stage it is movant's burden to
allege specific facts which, if true, would demonstrate
prejudice. A conclusory allegation to the effect that
absent the error the movant would have insisted upon a
trial is not enough. *See, e.g., United States v. Arteca,* 411
F.3d 315, 322 (2nd Cir. 2005). The movant must allege
facts that, if proven, would support a conclusion that the
decision to reject the plea bargain and go to trial would
have been rational, *e.g.,* valid defenses, a pending
suppression motion that could undermine the
prosecution's case, or the realistic potential for a lower
sentence.

*Stiger v. Commonwealth*, 381 S.W.3d 230, 237 (Ky. 2012).

## ANALYSIS

As an initial matter, we must address the extent to which the issues

raised on this appeal have been previously addressed by this court on Purvis's prior

appeal. *See Purvis v. Commonwealth*, Nos. 2012-CA-000323-MR, 2012-CA-

000324-MR, 2013 WL 3897259 (Ky. App. July 26, 2013). Purvis appealed the

trial court's denial of his motion to withdraw his pleas, arguing that his entry of a

guilty plea was involuntary. Purvis claimed he did not receive an adequate hearing

on his motion. *Id.* at *2. This court disagreed, and held that the trial court properly

determined that his plea was made knowingly, intelligently, and voluntarily. *Id.* at

*3.

-6-

Because this court has already decided overlapping issues in the previous appeal, we consider the applicability of "law of the case" doctrine. "'Law of the case' refers to a handful of related rules giving substance to the general principle that a court addressing later phases of a lawsuit should not reopen questions decided by that court or by a higher court during earlier phases of the litigation." *Brown v. Commonwealth*, 313 S.W.3d 577, 610 (Ky. 2010). One of these rules provides that issues decided in earlier appeals should not be revisited in subsequent ones. *Id.* Thus, to the extent that this court has already decided that Purvis's plea was made knowingly, intelligently, and voluntarily, the "law of the case" doctrine applies.

First on appeal, Purvis alleges that conflict counsel rendered ineffective assistance in representing Purvis at the hearing on his motion to withdraw his plea. He claims that conflict counsel was unprepared on the day of the hearing, and did not know the hearing would proceed. Purvis claims that he wanted to call witnesses at the hearing, but was unable to do so because conflict counsel was unprepared. Purvis also alleges that conflict counsel's representation was intentionally deficient because she wanted to protect Douglas, her colleague in the DPA. Purvis claims that this bias is evidenced by conflict counsel's leading and non-adversarial direction examination of Douglas.

-7-

The trial court rejected Purvis's claim that conflict counsel refused to adequately pursue the allegations against trial counsel. Our review of the record supports the trial court's findings, indicating that conflict counsel was prepared for the hearing and asked appropriate, probative questions. Conflict counsel demonstrated that she had a grasp of the case history, and asked questions regarding the plea negotiations, competency evaluation, witness interviews, and other relevant issues. Conflict counsel also questioned Douglas regarding whether Purvis went back and forth on the decision to accept a plea deal and asked whether a mock cross-examination conducted was used to convince Purvis to accept a plea deal. These questions demonstrate that conflict counsel properly probed whether Douglas pressured Purvis to accept a plea deal. Therefore, we find no merit to Purvis's claim that conflict counsel's representation was intentionally deficient because she wanted to protect her colleague.

Purvis also claims conflict counsel's representation was ineffective because her lack of preparation prevented him from calling other witnesses at the trial. The only such witness identified by Purvis on appeal is his father, Terry Purvis. Purvis alleges that his father would have testified that trial counsel coerced him to take a plea agreement. Purvis provided an affidavit to the trial court from his father, who indicated that he believed Douglas forced and scared Purvis into taking a plea deal. Finding the evidence insufficient to justify relief, the trial court

-8-

determined that his father's testimony is so tainted by self-interest that the validity

of the statement is dubious at best. We agree, and hold that Purvis cannot

demonstrate that he was prejudiced by his inability to call his father as a witness.

Next, Purvis claims that he received ineffective assistance from his

trial counsel because she failed to advise him of the possibility of acquittal or

conviction on a lesser-included offense. Purvis attributes this failure to his trial

counsel's lack of knowledge of relevant law. Citing *Wilburn v. Commonwealth*,

312 S.W.3d 321, 329 (Ky. 2010), Purvis claims that a jury could have found him

guilty of second-degree robbery under the theory that he used a toy gun rather than

a real gun. He also claims his trial counsel could have called into question the type

of knife he used in committing the second robbery. Purvis claims that his trial

counsel failed to advise him that he was entitled to a second-degree robbery

instruction.

In rejecting Purvis's argument, the trial court held that Purvis failed to

allege the specifics of what his trial counsel did tell him. The trial court found that

Purvis's counsel testified that she informed him that she believed an acquittal to be

possible in one of the cases, but a conviction with a significant sentence was likely

in the other. The trial court found she demonstrated an awareness of the state of

the law, and conveyed the information to Purvis. We agree, and hold that Purvis's

allegation regarding information his counsel failed to tell him is unsubstantiated

-9-

speculation. Moreover, Purvis's claim is refuted by his solemn declaration in open court during the plea colloquy, admitting that he threatened the use of physical force while armed with a firearm in one robbery, and was armed with a knife in the other. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006) (*quoting Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). As discussed above, the "law of the case" provides that Purvis's plea colloquy was entered into knowingly, voluntarily, and intelligently.

Lastly, Purvis claims that he was entitled to an evidentiary hearing on his RCr 11.42 motion. A movant is not automatically entitled to an evidentiary hearing on an RCr 11 .42 motion; there must be an issue of fact which cannot be determined on the face of the record. *Stanford v. Commonwealth,* 854 S.W.2d 742, 743 (Ky. 1993). "Where the movant's allegations are refuted on the face of the record as a whole, no evidentiary hearing is required." *Sparks v. Commonwealth,* 721 S.W.2d 726, 727 (Ky. App. 1986) (*citing Hopewell v. Commonwealth,* 687 S.W.2d 153, 154 (Ky. App. 1985)). As discussed above, our review indicates all of Purvis's allegations are refuted on the face of the record, and thus, the trial court did not err in refusing to hold an evidentiary hearing.

-10-

For the foregoing reasons, the order of the Laurel County Circuit

Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Meredith Krause
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

Christian K. R. Miller
Assistant Attorney General
Frankfort, Kentucky