Eastern District of Kentucky
FILED
JUN 26 2017
AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

United States District Court
Eastern District of Kentucky
Southern Division
London

Shane Purvis,
  Petitioner

v.

Don Bottom, Warden,
  Respondent

No. 6:16-CV-278-DLB-HAI

Reply to Respondent For Writ
of Habeas Corpus

On December 5, 2016 state prisoner filed a petition for Writ of Habeas Corpus under U.S.C. § 2254. On April 24, 2017, the Warden filed a response. This is the Reply to that Response.

Introduction: Mr. Purvis asks the Habeas Court to look at his two cases in their entirety. Replying to the arguments of Conflict Counsel, Trial Counsel, an Evidentiary hearing and Final conclusion. Mr. Purvis asks the Habeas court to carefully look at the actual crimes committed and reward him with the relief from the remainder of his sentence. There are many things that should have been done differently in Mr. Purvis's case, but leaving the sentence the way it currently is would be an absolute injustice

Conflict Counsel: Respondent states in the response (pg. 2, 1st para) that according to Purvis conflict counsel said she did not know the hearing to be that day. It is on record of conflict counsel clearly stating she did not know the hearing was that day. Conflict counsel had just met Mr. Purvis for the first time minutes before they walked into the courtroom. She was even given the opportunity to move the hearing further down the docket to prepare but chose not to. Mr. Purvis asks the Habeas court the general question of how conflict counsel could have been properly prepared to give him effective assistance of counsel under these circumstances. Also conflict counsel was not comfortable going after her "Fellow sister in the D.P.A." (see page 68-69 in respondents copy of motion of discovery), during the hearing. (Holloway v. Arkansas, 435 U.S. 475, 489 (1979)) Mr. Purvis asked conflict counsel to call two witness to testify on his behalf (Tonya Carter and Terry Purvis), which conflict counsel refused to do. Conflict counsel made a mockery of Mr. Purvis's right to a fair plea withdrawl hearing. Purvis's sixth Amendment rights were violated.

- Trial Counsel: Mr. Purvis wants the Habeas court to look at the fact that his cases resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. All evidence was circumstancial. Trial counsel would not attempt to interview Gabrielle Wilson (Purvis's Girlfriend) stating that she was with the prosecution. Gabrielle Wilson could have brought crucial facts of the case to light.

Gabrielle could have validated Purvis's claim of the said "gun" in the Long John Silvers robbery being her sons toy gun and also the small pocket knife in the Double D robbery being just that, an ordinary pocket knife. This would have made both robberies drop to second degree non-violent under KRS 515.020 and Wilbur v. Commonwealth, 312 S.W. 3d 321, 329 (Ky 2010). Wilbur had just went into effect several months prior to Purvis's robberies; it seems Purvis was unfairly being judged under the old law of Merritt v Commonwealth 386 S.W. 2d 727 (KY 1965). No weapon was collected into evidence in either case. Trial Counsel failed to familiarize herself with Wilbur saying "If they say you had a gun thats all that matters" and "It doesn't matter that you only had a small pocket knife". Had Mr. Purvis proceeded to trial he would have in both cases been entitled to instructions of robbery second as a lesser included offense. Morrow v. Commonwealth 286 S.W. 3d 206, 213 (Ky 2009) Trial Counsel failed Mr. Purvis by not asking for an evidentiary hearing where crucial facts of the case would have came to light. Because of this Purvis was unfairly dubbed as a violent offender, overly charged with first degree robbery instead of what it actually should have been; second degree robbery. This is why Mr. Purvis was so adamant about rejecting the plea bargain. Under the circumstances of the case it was absolutely irrational in Purvis's mind to accept any plea at the 85% First degree robbery charge. Houston v. Commonwealth 975 S.W. 2d 925, 929 (Ky 1998) Had Trial counsel been effective Purvis would have been looking at a plea bargain for second degree robbery non-violent or going to trial where no fairminded jurists could have

convicted Purvis' of First degree robbery. After Mr. Purvis stood up in court telling the judge he wanted another attorney, that he and trial counsel couldn't communicate and she wasn't doing her job. Trial Counsel spitefully gave up altogether on Purvis, would no longer attempt plea negotiations and threatened him with getting maximum penalties saying "If you don't except the plea you will lose at trial and get 45 years". Making it clear she wasn't going to do her job properly if Purvis went to trial. All while Purvis knew nothing of the actual laws and what type of representation he was entitled to. For these reason Mr. Purvis was deprived of his Constitutional rights under §§ 2, 7, and 11 of the Kentucky Constitution and the 5th, 6th, and 14th Amendments of the United States Constitution.

- Evidentiary Hearing: An evidentiary hearing can be a major factor in an individuals defense. Mr. Purvis understands that an evidentiary hearing cannot be challenged on Habeas review, but would like the Habeas court to look at the evidence of the cases. Habeas Corpus is a guard against extreme malfunction in the state criminal justice systems, not a substitute for ordinary error correction through appeal.(Richter, 562 U.S. at 102-03) Extreme malfunction is exactly what happened in Mr. Purvis's case. Purvis tried to fire his attorney, withdraw his plea, was mis-representend through the entirety of his legal proceedings, and was over-charged from the beginning. Look at KRS 515.020 For Robbery first and KRS 515 For Robbery second, the difference is minimal. The distinguishing factor between first and second degree robbery is injury, a deadly weapon or use of a dangerous instrument. None of those occurred in Mr. Purvis's case. KRS 500.080 (4) defines a deadly weapon and states in

part (c) any knife other than an ordinary pocket knife or hunting knife. This directly comes into play in Purvis's case. Purvis was charged with First degree robbery for using an ordinary pocket knife to pry open the drive-thru window using the knife as a breaking and entering tool, not a deadly weapon. The other Robbery applies directly to Wilbur because a toy gun doesn't fall into the category of a deadly weapon either. During both Robberies no one was injured, there was no verbal threat, no deadly weapon used or present; which should have led to no charge of First degree robbery. At the most Purvis should have been charged with two second degree robberies with 20% parole eligibility instead of the 85% violent sentence.

- Conclusion: Mr. Purvis asks the Habeas court to look at the cases in their entirety. This was Purvis's First time in state court and First Felony charges. Purvis did not know the laws and was coerced into a plea deal with 85% parole eligibility that should have never been allowed considering he shouldn't have been charged with Robbery First in the First place. Purvis ended up with a sentence of 13 years at 85% parole eligibility, which adds up to him having to serve at least 11 years and 1 month before he has a chance to get out. With the violent charge Purvis has no chance at parole or the opportunities to use the Department of Corrections stepping stones back to the street. Purvis has already served 6 years and 4 months on this sentence. A really long time for a First time offender committing a non-violent crime. Prior to coming to prison Purvis was addicted to prescription medication and was under the influence when making the horrible decision of committing these crimes. Mr. Purvis doesn't argue that he is innocent, he owns up to his mistakes. Purvis deeply regrets

the choices he made and is ashamed of his actions. Purvis apologizes to all parties involved and wants to make ammends. Purvis accepts responsibility for committing the crimes but does not accept the first degree, violent, 85% part because he did not commit a violent act. While serving this sentence Purvis has completed New Directions and Anger Management/Moral Recognition Therapy, trying to better his self. More importantly Purvis is clean and sober. Purvis has a great family backing him up, that are willing to help him be successful upon re-entry. Purvis is excited at the opportunity of a second chance, to be a successful member of society. Mr. Purvis humbly asks the Habeas Court to drop the first degree robberies to second degree; grant him relief on the remainder of his sentence, or grant any and all relief deemed neccassary. Mr. Purvis Thanks the Habeas court for its time and consideration.

Whereforc, Petitioner Prays this court to grant him any and all relief from his sentence in state custody.

Respectfully Submitted,

*[signature]*

Shane Purvis #247860
NorthPoint Training Center
Hwy 33 - P.O. Box 479
Burgin, Kentucky 40310

Sworn to Before Me By inmate Shane Purvis this the 21st Day of June 2017.

*[signature]* #568978                         11/22/20

Notary Public - Kentucky                     My Commission Expires
State At
Large

Notice

The foregoing reply for Writ of Habeas Corpus has been mailed, U.S. First-Class Mail, Postage Prepaid, To Jackie Brock, Clerk of United States District Court, US Courthouse, 310 S. Main Street - Room 215, London, Kentucky 40741-1907 This the 21 Day of June 2017.

Shane Purvis #247860
NorthPoint Training Center
Hwy 33 - P.O. Box 479
Burgin, Kentucky 40310

Certification

I hereby certify that an exact copy of the above mentioned has been mailed, U.S. First Class Mail, Postage Prepaid, To: Bryan D. Morrow, Assistant Attorney General, 1024 Capital Center Drive, Frankfort, Kentucky 40601 this the 21 day of June 2017.

Shane Purvis #247860
NorthPoint Training Center
Hwy 33 - P.O. Box 479
Burgin, Kentucky 40310